UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
(BAY CITY)

---

**HILDA L. SOLIS**, Secretary of Labor, :
United States Department of Labor, :
: 
                Plaintiff, :
: **Civil Action No. 1:12-cv-13726**
   v. :
:
**RICKY N. COLEY**, :
                Defendant. :

---

## COMPLAINT

Plaintiff Hilda L. Solis, Secretary of Labor, United States Department of Labor (Secretary), alleges:

## JURISDICTION AND VENUE

**1.** This action arises under Title I of the Employee Retirement Income Security Act of 1974 (ERISA), as amended, 29 U.S.C. §§1001, *et seq.*, and is brought by the Secretary under ERISA §§502(a)(2) and (5), 29 U.S.C. §§1132(a)(2) and (5), to enjoin acts and practices which violate the provisions of Title I of ERISA, to obtain appropriate equitable relief for breaches of fiduciary duty under ERISA §409, 29 U.S.C. §1109, and to obtain such further equitable relief as may be appropriate to redress violations and to enforce the provisions of Title I of ERISA.

**2.** This court has jurisdiction over this action pursuant to ERISA §502(e)(1), 29 U.S.C. §1132(e)(1).

**3.** Translogic Auto Carriers, LLC (Translogic Auto), established an employee welfare plan, referred to hereafter as the Plan, on or before October 1, 2006, to provide life, dental and vision insurance for its employees.

4. During the relevant periods, Translogic Auto determined the eligibility requirements for coverage under the Plan and selected the insurance carrier who would provide benefits under the Plan.

5. Translogic Auto contracted with Guardian Life Insurance Company of America (Guardian Insurance) to provide dental, life and vision benefits to its employees and their beneficiaries effective February 1, 2009.  The contract provided that Translogic Auto would pay 100% of the premiums for basic life, short-term disability, and long-term disability coverage and company employees paid 100% of optional life, dental and vision coverage.  The Plan was a fully-insured plan.  Translogic Auto terminated all welfare benefits effective July 1, 2009.

6. The welfare plan that Translogic Auto established is an employee benefit plan within the meaning of ERISA §3(3), 29 U.S.C. §1002(3), which is subject to the provisions of Title I of ERISA pursuant to ERISA §4(a), 29 U.S.C. §1003(a).

7. Venue of this action lies in the Eastern District of Michigan Bay City Division pursuant to ERISA §502(e)(2), 29 U.S.C. §1132(e)(2), because the Plan was administered in Bad Axe, Huron County, Michigan, within this district and division.

## DEFENDANT AND PARTIES IN INTEREST

8. Ricky N. Coley (Coley), through his wholly-owned company CNC Holdings, LLC, purchased 53% of Translogic Auto on September 17, 2008, and became its Executive Chairman.

9. At all relevant times, Coley exercised control over assets of the Plan, was a fiduciary of the Plan within the meaning of ERISA §3(21)(A), 29 U.S.C. §1002(21)(A), and a party in interest within the meaning of ERISA §§3(14)(A), (E) and (H), 29 U.S.C.

§§1002(14)(A), (E) and (H).

10.     Translogic Auto was incorporated in Delaware as a limited liability company on August 15, 2002, and incorporated in Michigan as a foreign limited liability company January 13, 2006.  Translogic ceased operations in January 2010.   Its status with the Michigan Department of Labor and Economic Growth is "active, but not in good standing as of 2-24-12."

11.     Three petitioning creditors filed an involuntary petition for relief against Translogic Auto on March 2, 2010, under Chapter 7 of the Bankruptcy Code in U.S. Bankruptcy Court for the Eastern District of Michigan (Bay City).  *In re TransLogic Auto Carriers*, Case No. 10-20759.  The case is still active and remains in an involuntary status.

12.     Translogic Auto sponsored the Plan, was its Plan Administrator within the meaning of ERISA §3(16), 29 U.S.C. §1002(16), was a Plan fiduciary within the meaning of ERISA §3(21)(A), 29 U.S.C. §1002(21)(A), and was a party in interest to the Plan within the meaning of ERISA §3(14)(A) and (C), 29 U.S.C. §1002(14)(A) and (C).

## UNREMITTED WELFARE PLAN CONTRIBUTIONS

13.     Paragraphs 1 through 12 are realleged and incorporated herein by reference.

14.     At all relevant times, Defendant Coley had authority over Translogic Auto's corporate bank account, including the determination of which creditors, including the Plan, the company would pay, as well as when the payments would be made.

15.     At all relevant times, Translogic Auto withheld participant contributions from its employees' paychecks for optional life, health and vision coverage through the Plan.  Translogic Auto retained these amounts in its corporate bank account until they were remitted to the Plan or Guardian Insurance.

16.     During the period from March 1, 2009, through June 30, 2009, Translogic Auto withheld $9,622.48 from participants' paychecks for contributions to the Plan, consisting of $6,709.64 for dental insurance, $1,637.31 for life insurance, and $1,275.53 for vision insurance, but then failed to remit them to the Plan or Guardian Insurance.

17.     During the period from March 1, 2009, through June 30, 2009, Defendant Coley caused Translogic Auto to withheld $9,622.48 from participants' paychecks for contributions to the Plan, consisting of $6,709.64 for dental insurance, $1,637.31 for life insurance, and $1,275.53 for vision insurance, but then fail to remit these monies to the Plan or Guardian Insurance.

18.     Guardian Insurance canceled all insurance coverage for Plan participants and beneficiaries under the contract retroactive to March 1, 2009, due to non-payment of premiums.

19.     As a result of the cancellation of insurance coverage under the Plan, Guardian Insurance denied claims from Plan participants or beneficiaries totaling $17,313.50.

20.     On information and belief, Defendant Coley transferred $341,946 from Translogic Auto to himself or his affiliates.  The company transferred some of these monies to Coley or his affiliates from March 1, 2009, through June 30, 2009, during the same period that it failed to remit participants' contributions to the Plan.

21.     By the conduct described in Paragraph 17, Defendant Coley:

   A.     failed to act solely in the interest of the participants and beneficiaries of the Plan and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of Plan administration, in violation of ERISA §404(a)(1)(A), 29 U.S.C. §1104(a)(1)(A);

   B.     caused the Plan to engage in transactions which he knew or should have known constituted a direct or indirect transfer to, or use by or for the benefit of, a party in interest, of assets of the Plan, in violation of ERISA §406(a)(1)(D), 29 U.S.C. §1106(a)(1)(D);

   C.     dealt with assets of the Plan in his own interest in violation of ERISA §406(b)(1), 29 U.S.C. §1106(b)(1); and

   D.     acted on behalf of a party whose interests are adverse to the interests of the Plan or in the interests of its participants and beneficiaries, in violation of ERISA §406(b)(2), 29 U.S.C. §1106(b)(2).

## PRAYER FOR RELIEF

Wherefore, the Secretary prays for judgment:

   A.     Permanently enjoining Coley from violating the provisions of Title I of ERISA;

   B.     Permanently enjoining Coley from serving or acting as a fiduciary to any ERISA-covered employee benefit plan;

   C.     Ordering Coley to make good to the Plan, and to the participants and beneficiaries of the Plan, any losses, including interest, resulting from fiduciary breaches committed for him or for which he is liable.

   D.     Ordering Coley to correct the prohibited transactions in which he engaged;

E.  Awarding the Secretary the costs of this action; and

F.  Ordering such further relief as is appropriate and just.

<div style="margin-left: 40%;">

**M. PATRICIA SMITH**
Solicitor of Labor

**JANET M. GRANEY**
Acting Regional Solicitor

</div>

| | |
|---|---|
| Address: | /s/ Eileen R. Hurley |
| U.S. Department of Labor | **EILEEN R. HURLEY** |
| Office of the Solicitor | Trial Attorney #6198955 (IL) |
| 230 S. Dearborn, Suite 844 | |
| Chicago, IL. 60604 | Attorneys for **HILDA L. SOLIS** |
| PHONE:  (312) 353-5738 | Secretary of Labor |
| FAX:  (312) 353-5698 | United States Department of Labor |
| hurley.eileen@dol.gov | Plaintiff |

<div style="margin-left: 40%;">

**BARBARA L. McQUADE**
United States Attorney

/s/ Peter A. Caplan
**PETER A. CAPLAN**
Assistant U.S. Attorney
211 W. Fort Street, Ste. 2001
Detroit, MI 48226
Telephone:  (313) 226-9784
P-30643
Email:  peter.caplan@usdoj.gov

</div>